1  PENELOPE PARMES (SBN 104774)
penelope.parmes@troutmansanders.com
2  MATTHEW D. MURPHEY (SBN 194111)
matthew.murphey@troutmansanders.com
3  MEGHAN C. SHERRILL (SBN 259487)
meghan.sherrill@troutmansanders.com
4  TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
5  Irvine, CA  92614-2545
Telephone:    949.622.2700
6  Facsimile:    949.622.2739

7  Attorneys for Plaintiff
California Bank & Trust, as Assignee of the FDIC as
8  Receiver for Vineyard Bank, N.A.

9  UNITED STATES BANKRUPTCY COURT

10  CENTRAL DISTRICT OF CALIFORNIA

| 11 | In re | Case No.  6:13-bk-11489-WJ |
|---|---|---|
| 12 | JOHN R. PEDALINO, | Chapter Number:  7 |
| 13 | Debtor. | Adversary No.: 6:14-ap-01274-WJ |
| 14 | CALIFORNIA BANK & TRUST, a California corporation, as Assignee of the Federal Deposit Insurance Corporation as Receiver for Vineyard Bank, N.A., | **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |
| 15 | | |
| 16 | | Judge:      Hon. Wayne Johnson |
| 17 | Plaintiff, | Courtroom: 304 |
| 18 | v. | Place:       3420 Twelfth Street |
| 19 | JOHN R. PEDALINO, individually and as trustee of the JOHN R. PEDALINO REVOCABLE TRUST, DATED JANUARY 28, 2003, CYNTHIA A. DIAZ, an individual, DESERT ESTATES DEVELOPMENT, INC., a California corporation, CJ LA QUINTA INVESTMENTS, INC., a California corporation, and MKIDS LA QUINTA, INC., a California corporation, | Riverside, CA 92501 |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | Defendants. | |
| 25 | /// | |
| 26 | /// | |
| 27 | /// | |
| 28 | | |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

25292841v2

STIPULATION FOR ENTRY OF PROTECTIVE ORDER

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

WHEREAS, counsel for California Bank & Trust ("CBT") in the above-captioned action (the "Litigation") have, by and through a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Action (or Adversary Proceeding) (the "Subpoena"), requested the discretionary disclosure of certain confidential records of the Federal Deposit Insurance Corporation acting as receiver for Palm Desert National Bank (the "FDIC"); and

WHEREAS CBT has sought disclosure of certain confidential records of the FDIC pursuant to 12 C.F.R. § 310.10(b)(11) as to the records of John Pedalino and Cynthia Diaz; and

WHEREAS the FDIC has determined that the requirements for discretionary disclosure under 12 C.F.R. § 309.6(b)(8) have been satisfied as to the records of the corporate entities named in the Subpoena; and

WHEREAS the FDIC is willing to disclose the records identified in Exhibit A hereto (the "Confidential Records") upon entry of this Court's order, provided that such disclosure is made strictly under the terms and conditions of this Stipulation and Protective Order;

NOW THEREFORE, the Court hereby orders the following:

1.  The Confidential Records, and all information contained therein or related thereto, shall be held strictly confidential and may be examined and used only in connection with the preparation, discovery in connection with, trial, and appeal of the Litigation.

2.  No person, including, without limitation, the parties to the Litigation, their counsel, the Court, the Clerk of the Court, court reporters, or any employee or agent of any of the foregoing, shall transcribe, copy, or disclose in any manner any information contained in or related to the Confidential Records, except upon order of the Court or as necessary for the limited purpose of the preparation, discovery in connection with, trial, and appeal of the Litigation. Subject to paragraphs 4 and 5 below, nothing in the preceding sentence is intended to prevent or prohibit the use of information contained in the Confidential Records for the purpose of interrogating witnesses at depositions or in the trial of the Litigation.

3.  If any of the Confidential Records or portions thereof are included in discovery

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

25292841v2                                - 1 -
STIPULATION FOR ENTRY OF PROTECTIVE ORDER

1  documents filed with the Clerk of the Court, or in the event any information contained in or related

2  to such Confidential Records is to be used in the trial of the Litigation, the Clerk of the Court shall

3  keep such documents in a sealed envelope or in such other manner as shall make the documents

4  unavailable for public scrutiny.

5      4.   Any party offering any of the Confidential Records into evidence in the trial of the

6  Litigation, or in connection there with, shall offer only those pages or portions thereof that are

7  relevant and material to the issues in dispute, and shall block out any portion of any page that

8  contains information not relevant and material to such issues.  The name of any person or entity

9  contained on any page of the Confidential Records who is not a party to the Litigation, or whose

10  name is not otherwise relevant and material to the issues in dispute, shall be blocked out prior to

11  the admission of such page into evidence.  If there is disagreement between the parties to the

12  Litigation regarding what page or portion of any page of the Confidential Records should be

13  blocked out in the manner described in this paragraph, the Court shall make this determination

14  after an *in camera* review of the Confidential Records in question.

15      5.   If any portion of the Confidential Records is used for any purpose in the Litigation,

16  including without limitation, use in any deposition, hearing, trial, or appeal, such portion of the

17  Confidential Records shall be sealed against any disclosure inconsistent with the terms and

18  conditions of this Protective Order, and any briefs, transcripts or other writing quoting or referring

19  to any statement contained in such portion of the Confidential Records shall also be sealed against

20  any such disclosure.

21      6.   At the conclusion of the Litigation (including any appeal), all Confidential Records in

22  the possession or control of any person granted access to the Confidential Records under this

23  Protective Order, including all copies, extracts and summaries thereof, shall forthwith be returned

24  to the Deputy Regional Counsel, FDIC Legal Division, at 1601 Bryan Street, Suite 1500, Dallas,

25  TX 75201, or shall be otherwise disposed of as directed by the Deputy General Counsel or his

26  designee.

27      7.   Any person granted access under this Stipulation and Protective Order to any of the

28  Confidential Records, or to information contained therein or related thereto, who uses such

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

25292841v2                    - 2 -
STIPULATION FOR ENTRY OF PROTECTIVE ORDER

1  Confidential Records or such information for any purpose other than the preparation, discovery in

2  connection with, trial, or appeal of the Litigation, or otherwise violates the terms or conditions of

3  this Protective Order, shall be subject to sanctioning by the Court.

4      8.  The term and conditions of this Stipulation and Protective Order apply to any

5  subsequent or supplemental process that may be issued and served on the FDIC in connection with

6  the Litigation.

7      9.  The Confidential Testimony and Confidential Records shall include all records or

8  testimony identified in any amendments or modifications of Exhibit A.  Any such amendment or

9  modification shall be effective, without need for approval by the Court or the parties to the

10  Litigation, upon notice by the FDIC to the parties.

11      10.  All parties recognize and acknowledge that the potential exists for the inadvertent

12  production of material that is protected by the attorney-client privilege, attorney work product

13  protection, or other applicable privilege, protection, or immunity (collectively, the "Privileged

14  Material").  The parties agree that the production of Confidential Records under the terms and

15  conditions of this Stipulation and Protective Order shall not constitute a waiver of any privilege or

16  protection with respect to any Privileged Material that is inadvertently produced.  In the case of

17  any inadvertent disclosure of Privileged Material, the receiving party shall, immediately upon

18  becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of

19  receipt of a written request by the producing party, return the original to the producing party,

20  destroy all copies thereof, as well as all notes, memoranda or other documents that summarize,

21  discuss, or quote the document, and delete any copy of the document it maintains. Return of a

22  document over which the producing party has asserted a claim of privilege, protection, or

23  immunity under this paragraph shall be without prejudice to the receiving party's right to seek an

24  order from the Court directing the production of the document on the ground that the claimed

25  privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere

26  production of the document in this action shall not constitute grounds for asserting waiver of the

27  privilege, protection, or immunity.

28      11.  All parties, by and through their respective counsel, agree and stipulate that no FDIC

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

25292841v2          - 3 -
STIPULATION FOR ENTRY OF PROTECTIVE ORDER

1  employee will be required to testify in any manner in this case pursuant to 12 C.F.R. § 309.7(c).

2  This agreement and stipulation is required due to the FDIC's compelling interest in keeping its

3  employees free to conduct their official duties without the distraction of testifying in private

4  litigation, and also to avoid the appearance of bias or partiality on the part of the FDIC in this

5  matter.

6      12. All parties, by and through their respective counsel, also agree and stipulate that the

7  Court's entry of this Stipulation and Protective Order shall allow production of documents by the

8  FDIC in compliance with the Privacy Act in accordance with the provisions of 12 C.F.R. §

9  310.10(b)(11).

10      Wherefore, this Stipulation for Entry of Protective Order is hereby entered into this 31st

11  day of March, 2015.

DATED: April 1, 2015        TROUTMAN SANDERS LLP

By: *Meghan Sherrill*
    Penelope Parmes
    Matthew D. Murphey
    Meghan C. Sherrill
    Attorneys for Plaintiff
    California Bank & Trust, as Assignee of the
    FDIC, as Receiver for Vineyard Bank

DATED: April 1, 2015        FDIC

By: _____
    Wayne Moor
    Counsel for FDIC

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

25292841v2        - 4 -
STIPULATION FOR ENTRY OF PROTECTIVE ORDER

- 5 -

destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document it maintains. Return of a document over which the producing party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere production of the document in this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

11. All parties, by and through their respective counsel, agree and stipulate that no FDIC employee will be required to testify in any manner in this case pursuant to 12 C.F.R. § 309.7(e). This agreement and stipulation is required due to the FDIC's compelling interest in keeping its employees free to conduct their official duties without the distraction of testifying in private litigation, and also to avoid the appearance of bias or partiality on the part of the FDIC in this matter.

12. All parties, by and through their respective counsel, also agree and stipulate that the Court's entry of this Stipulation and Protective Order shall allow production of documents by the FDIC in compliance with the Privacy Act in accordance with the provisions of 12 C.F.R. § 310.10(b)(11).

Wherefore, this Stipulation and Protective Order is hereby entered into this ___31___ day of ___March___ 2015.

By: _____
, Attorney for CBT

By: _____
, Counsel for the FDIC

25292841v1

# **PROTECTIVE ORDER**
# **EXHIBIT A**

# **CONFIDENTIAL RECORDS**

Subject to the terms and conditions of the Stipulation and Protective Order, disclosure of the privileged and confidential FDIC records listed or described below (Confidential Records) is hereby authorized under 12 C.F.R. § 309.6(b)(8)(ii) and ordered under 12 C.F.R. § 310.10(b)(11).

(1) All documents, including but not limited to, books and records, copies of checks, deposit/withdrawal slips, bank account statements, loan agreements, and financial statements, concerning all Palm Desert National Bank accounts, loans, and/or lines of credit for which John R. Pedalino has ever been identified as an owner, holder, signatory, borrower, guarantor, trustee or beneficiary, from January 1, 2004 to the present;

(2) all documents, including but not limited to, books and records, copies of checks, deposit/withdrawal slips, bank account statements, loan agreements, and financial statements, concerning all Palm Desert National Bank accounts, loans, and/or lines of credit for which Cynthia A. Diaz has ever been identified as an owner, holder, signatory, borrower, guarantor, trustee or beneficiary, from January 1, 2004 to the present;

(3) all documents, including but not limited to, books and records, copies of checks, deposit/withdrawal slips, bank account statements, loan agreements, and financial statements, concerning all Palm Desert National Bank accounts, loans, and/or lines of credit for which Desert Estates, Inc. has ever been identified as an owner, holder, signatory, borrower, guarantor, trustee or beneficiary, from January 1, 2004 to the present;

(4) all documents, including but not limited to, books and records, copies of checks, deposit/withdrawal slips, bank account statements, loan agreements, and financial statements, concerning all Palm Desert National Bank accounts, loans, and/or lines of credit for which Desert Elite, Inc. has ever been identified as an owner, holder, signatory, borrower, guarantor, trustee or beneficiary, from January 1, 2004 to the present;

///

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

25292841v2     - 5 -
STIPULATION FOR ENTRY OF PROTECTIVE ORDER

1      (5) all documents, including but not limited to, books and records, copies of checks,
2  deposit/withdrawal slips, bank account statements, loan agreements, and financial statements,
3  concerning all Palm Desert National Bank accounts, loans, and/or lines of credit for which Desert
4  Cheyenne, Inc. has ever been identified as an owner, holder, signatory, borrower, guarantor,
5  trustee or beneficiary, from January 1, 2004 to the present;

6      (6) all documents, including but not limited to, books and records, copies of checks,
7  deposit/withdrawal slips, bank account statements, loan agreements, and financial statements,
8  concerning the Palm Desert National Bank account or accounts on which the cashier's checks
9  attached to the February 23, 2015 Subpoena to Produce Documents, Information, or Objects or to
10 Permit Inspection of Premises in a Bankruptcy Action (or Adversary Proceeding) (the "Subpoena')
11 were drawn.

12     (7) all documents, including but not limited to, books and records, copies of checks,
13 deposit/withdrawal slips, bank account statements, loan agreements, and financial statements,
14 concerning the source of funds for the cashier's checks attached to the Subpoena.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

25292841v2      - 6 -
STIPULATION FOR ENTRY OF PROTECTIVE ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5 Park Plaza, Suite 1400, Irvine, CA  92614

A true and correct copy of the foregoing document entitled (*specify*): _____
STIPULATION FOR ENTRY OF PROTECTIVE ORDER
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/01/15, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Robert W. Stewart, Jr., Dawne@rwstewartjrlaw.com
Meghan C. Sherrill, meghan.sherrill@troutmansanders.com
Charles W. Daff,charleswdaff@gmail.com
United States Trustee (RS), ustpregion16.rs.ecf@usdof.gov
Richard A Umbenhauer, notice@rhlawfirm.com
Brian Harnik, notice@rhlawfirm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/01/15, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Wayne Johnson
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/01/15 | Catherine E. Zinn | /s/ Catherine E. Zinn |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
24835857v1